E-FILED
Friday, 24 January, 2020  02:35:50 PM
Clerk, U.S. District Court, ILCD

In The United States District Court
For the Central District of Illinois
Springfield Division

ADAM Hill,
　　　Plaintiff

vs.

Gregg Scott, Program Director,
James McCurrie, Security Director,
Dr. Shan Jumper, Clinical Director,
S. Caraway, Associate Clinical Director,
G. Carreon, Clinical Therapist,
C. Parsons, Security Staff,
Jeremie Seymour, Internal Affairs
Investigator, Members of the
Purple Treatment Team and other
behavior committee members; (who will
be named upon discovery of their
involvements),
　　　　　Defendants.

## Civil Rights Complaint
## With A Jury Demand

1. Now comes the plaintiff, ADAM Hill, authorized by
42 U.S.C. Section 1983 to redress the deprivation
of rights secured by the U.S. Constitution.

## Jurisdiction AND Venue

2. The Court has jurisdiction under 28 U.S.C. Section 1331
and 1343 (a)(3). Plaintiff seeks declaratory relief

P. 2 of 7

pursuant to 28 U.S.C. Section 2201 and 2202.

3. The U.S. District Court, Central District of Illinois is, in appropriate venue under 28 U.S.C. Section 1391 (b) (2), because it is where the events giving rise to these claims occurred.

## The Plaintiff

4. Plaintiff, Adam Hall, is and was at all times mentioned herein, a Resident of the State of Illinois confined at the Illinois Department of Human Services, Rushville Treatment and Dent. Center located at:

Rushville, Il- TDF
1619. County Farm Rd.
Rushville. Il, 62681

## Defendants

5. Gregg Scott is the Program Director of the Rushville Facility and highest ranking Official at the facility.

6. James McCurry is the Security Director of the Rushville Facility. He is the highest ranking Security Official

7. Dr. Shan Jumper is the Clinical Director and highest Ranking Clinical Staff. He is also a member of the behavior Committee.

8. S. Caraway is the Associate Clinical Director and second highest ranking Clinical Staff. She is also a member of the behavior Committee.

9. G. Carreon is a Clinical therapist and member of the

behavior committee.

10. C. Parson is a security staff IV and member of the behavior committee.

11. Jeremie Selmar is the Internal Affairs Investigator, and person who referred documentation to the State's attorney office, and who keeps in communication with the State's Attorney and behavior committee.

12. Members of the Purple treatment Team are a group of therapists and treatment team that plaintiff is assigned to.

13. Each Defendant named in paragraphs 5, 6, 7, 8, 9, 10, 11, and 12 are hereby sued in their official and individual capacities. At all times relevant to this complaint, each of the named Defendants where acting under the color of state law.

14. The address of each defendant named in paragraphs 5, 6, 7, 8, 9, 10, 11, and 12 is as follow:
      IDHS-TDF
      17019. County Farm Rd.
      Rushville. Il, 62681.

## Factual Allegations

15. July 30th, 2019, the Defendants locked plaintiff in Secure Management Status (Solitarily confined to a cell 23 to 21 hours of every day) for allegations of Battery against Clinical staff on the purple treatment team.

(16). Shortly after, Defendant Seymour, the Internal affairs' Investigator, read plaintiff's Miranda Rights' and explained that Criminal Charges' were being sought with the local prosecutor's office.

(17). On Aug. 8th, 2019, Defendants' Jumper, Caraway, and C. Parsons determined that plaintiff was liable for the institutional rule violation of "Battery to Any Person". These defendants', in conjunction with Defendants' Scott, McCurry, Carreon, Purple Team Therapist, and Seymour determined that plaintiff remain on Secure Management Status (Solitarily confined to a Cell 23 to 21 hours of every day) pending resolution of potential or actual Criminal Charges. His institutional Consequence is held in limbo.

(18). 1-21-2020, roughly 6 months' later from the alleged rule violation of Battery, the plaintiff have not been Criminally Charged with any Crime in connection with any institutional rule violation. In Spite of this, the Defendants' have continuously kept the plaintiff's physical body confined to a Cell 23 to 21 hours of every day, because they claim that the Schuyler County prosecutor may Criminally Charge the plaintiff with a Crime at some unspecified time in the near or distant future.

(19). Despite the plaintiff's efforts, good conduct and Compliance with facility rules, the defendants have not given the plaintiff any realistic Chance of being released from Secure Management Status, not confined to a Cell 23 to 21 hours of every day, back into Sex Offenders' treatment with peers and back into the general population of the Sex Offenders Program.

(20). Despite written and verbal requests to the defendants,

The Defendants continue to keep the plaintiff in Secure Management Status (confined to a cell 23 to 21 hours of everyday) as a way to further inflict physical, mental, and emotional suffering upon him because of the allegations of Battery to their clinical staff, which allegedly occurred 6 months ago.

## Legal Claim

(21). The Plaintiff realleges and incorporate by reference paragraphs 1-20.

(22). Defendants Gregg Scott, James McCurry, Dr. Shan Jumper, S. Caraway, G. Carreon, C. Parsons, Jeremie Seymour, Purple Team therapist have violated Plaintiff's rights under the 14th Amendment, where the 14th Amendment to the U.S. Constitution guarantee that the people are entitled to Due Process of the law as does the Illinois State Constitution article 1- Section 2, and that everyone is entitled to equal protection under the law.

(23). The plaintiff's rights are violated because the above Defendants', in conjunction, have determined to keep the plaintiff on "Secure Management Status" (confined to a cell 23 to 21 hours of everyday) without any realistic chance of changing this excessively harsh circumstance, despite good conduct and appropriate behavior. According to the defendants, the plaintiff have no chance of being reintegrated back into the treatment program and general population where he will receive Sex Offender's treatment with his peers, for which he is civilly committed for, all because of the Defendants claims that the state's attorney

may charge me with a crime at some unspecified time in the near or distant future.

24. The defendants' actions described herein are illegal and unconstitutional.

## Relief

Wherefore, the Plaintiff request that this Honorable Court grant the following:

25. Declare that the actions and inactions of the Defendants described herein have violated and continue to violate the plaintiff's constitutional rights and rights under the 14th Amendment to the U.S. Constitution.

26. Order the defendants to take all necessary actions to remedy the violations of the above mentioned rights.

27. Award the Plaintiff a Judgement against the defendants jointly in the amount of "to be discussed at a later date".

28. Award Plaintiff a Judgement against the defendants jointly and seperately for compensatory damages in the amount of "to be discussed at a later date".

29. Award Plaintiff punitive damages in the amount of "to be discussed at a later date".

30. Award Plaintiff his cost and reasonable attorney fees.

p. 7 of 7

(31). Plaintiff seeks a jury trial on all triable issues.

(32). Award the Plaintiff declaratory relief and any other relief this honorable Court deems fit, proper and just.

Dated. 1.21.2020
ADAM HALL
17619. County Farm Rd.
Rushville. Il. 62681


Verification

I, ADAM HALL, have read the foregoing Complaint and hereby verify that the matters alleged therein are true. I certify so under the penalty of perjury

Executed at Rushville, Il. on
1.21.2020    Adam Hall. Adam Hall